UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBBIE DESHAWN TAYLOR,

    *Plaintiff*,

v.

JCF,[1]
and JOHN DOE,

    *Defendants*.

_____/

CASE NO. 2:20-CV-13436
DISTRICT JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18)

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgement (ECF No. 18) be **GRANTED.**

**II.   REPORT**

    **A.   Background**

Plaintiff, Robbie Taylor, is a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), formerly at the G. Robert Cotton Correctional Facility ("JCF"). (ECF No. 1, PageID.2–3, 7, 11.) Plaintiff alleges that he was assaulted by another inmate. (*Id.* at PageID.5, 7–9.) He alleges that the assailant was known by the MDOC to be a "gang member," and the assault occurred in full view of security cameras.

---

[1] Although listed simply as "JCF Warden" in the caption of his complaint, I recognize that this party refers specifically to Warden Noah Nagy. (*See* ECF No. 18, PageID.90.)

(*Id.*)  Plaintiff argues that Defendants were negligent in failing to detect the impending assault and warn Plaintiff over the "JCF intercom system." (*Id.*)

MDOC policy provides aggrieved prisoners with a three-step internal appeal process to resolve their disputes before they file suit in district court. (ECF No. 18-2, PageID.112–16.)  Following the assault, Plaintiff filed a "Step 1" grievance form, as required by MDOC policy, naming the "JCF Warden." (ECF No. 1, PageID.41.)  However, although Plaintiff's complaint broadly alleges that he exhausted his administrative remedies, the record contains no evidence of his steps two and step three grievance forms. (*See id.* at PageID.12–13.)  Nonetheless, Plaintiff filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment to be free from cruel and unusual punishment as well as his "Fourteenth Amendment substantive due process right . . . to be free from egregious abuse by state government employees." (*Id.* at PageID.4 (typographical alterations added).)  Subsequently, Defendant Noah Nagy moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies, as required by the Prisoner Litigation Reform Act ("PLRA"). (ECF No. 18, PageID.104.)  The present motion was not brought on behalf of the John Doe defendant. (*See id.* at Page.ID.90.)

   **B.**   **Summary Judgment Standard**

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the

non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case."  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted).  In making its determination, a court may consider the plausibility of the movant's evidence.  *Matsushita*, 475 U.S. at 587-88.  Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof.  *Celotex*, 477 U.S. at 325.

      The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts."  *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993).  The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later.  10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998).  "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party."  *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010).  In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility.  *Id.* at 493.  And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not . . . 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary

judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D. N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### C. Exhaustion Under the PLRA

The PLRA provides that prisoners may not bring a § 1983 against prison officials, challenging the conditions of their confinement, without first exhausting their available administrative remedies. 42 U.S.C. § 1997e(a) (2012); *Porter v. Nussle*, 534 U.S. 516, 523 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Further, prisoners must "properly" exhaust their administrative remedies, meaning that they must "compl[y] with an agency's

deadlines and other critical procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90, 92 (2006). Failure to exhaust administrative remedies in an affirmative defense that must be raised by the defendant. *Jones v. Bock*, 549 U.S. 199 (2007).

MDOC Policy Directive 03.02.130 prescribes the three-step administrative exhaustion process for grievable matters. Mich. Dept. of Corrections, Policy Directive No. 03.02.130 (March 18, 2019). At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. *Id.* at ¶ S, W. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. *Id.* at ¶ DD. Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she has ten days to file a Step III grievance. *Id.* at ¶ HH.

Here, Nagy argues in his motion for summary judgment that Plaintiff failed to exhaust his administrative remedies through Step III. In support, Nagy attaches an exhibit titled "MDOC Prisoner Step III Grievance Report," indicating that MDOC had not received a Step III grievance form from Plaintiff. (ECF No. 18-3, PageID.118.)

Although ordered by the Court to respond to Nagy's motion by July 28, 2021, Plaintiff has not yet responded to Nagy's motion. Federal Rule of Civil Procedure 56(c) requires that where a party asserts that a fact "is genuinely disputed," he or she must support his assertion with some sort of evidence. Although this Court may not "grant[] summary judgment solely because the non-moving party has failed to respond to the motion within

5

the applicable time limit," the Court may assume that the facts unopposed by the nonmovant are undisputed. *Miller v. Shore Fin. Servs.*, Inc., 141 F. App'x 417, 419 (6th Cir. 2002) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)); Fed. R. Civ. P. 56(e). [2] Accordingly, I assume that Plaintiff does not dispute that he failed to file his Step III grievance form.[3] *See Adam v. Airway Manufacturing Co.*, No. 3:19CV429, 2019 WL 6609257, at *2 (N.D. Ohio Dec. 5, 2019). Thus, I suggest that Plaintiff has failed to exhaust his administrative remedies.

I further suggest that summary judgment be granted with prejudice as to Plaintiff's claims against Nagy. Generally, dismissal for failure to exhaust administrative remedies under the PLRA "*should* be without prejudice." *Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (emphasis added). However, "a claim that has been properly rejected by the prison grievance system on procedural grounds should be dismissed from the plaintiff's complaint with prejudice" because "[o]nce a prison formally denies an inmate's grievance for" procedural reasons such as "untimeliness, and . . . the court upholds the decision, the inmate's failure to exhaust is no longer 'a temporary, curable, procedural flaw.'" *Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004).

Here, judgment without prejudice would make little sense because Plaintiff's procedural flaw is not curable. Because Plaintiff's step one grievance was filed on June

---

[2] Rule 56(e) also gives this Court discretion to allow a party an "opportunity to properly support or address a fact"; however, because Plaintiff has now had approximately four months to respond to Nagy's motion, I suggest that the Court decline to allow Plaintiff more time to respond to Nagy's motion.

[3] Nagy has not provided any evidence regarding Plaintiff's Step II grievance; however, to prevail on his motion, Nagy need only show that Plaintiff had not filed his Step III grievance.

6

12, 2019, Plaintiff cannot file any subsequent grievances within the deadline provided by the MDOC Grievance policies. *See* Policy Directive No. 03.02.130, *supra*, at ¶ HH (providing that prisoners must file a Step III grievance within ten days of either (1) receiving a disfavor able Step II answer or (2) receiving no response after ten days of filing their Step II grievance). Thus, it is impossible for Plaintiff to properly exhaust his administrative remedies. *See Ramirez v. Hungness*, No. 10-112, 2010 WL 1839015, at *1 (E.D. Ky. May 6, 2010); *see also Murphy v. Lockhart*, 826 F. Supp.2d 1016, 1029–30 (E.D. Mich. 2011); *Harris v. PA A. NDIFE*, No. 06-CV-223, 2006 WL 3469552, at *3 (E.D. Ky. Nov. 30, 2006).

The Sixth Circuit has not squarely addressed this issue, and District Courts within the Sixth Circuit have reached differing opinions on whether PLRA exhaustion claims may be dismissed without prejudice. For example, in In *McCloy v. Correction Med. Servs.,* this Court held that claims rejected by a prison grievance system on procedural grounds should not be dismissed with prejudice, even if the inmate could not cure the procedural failure by refiling his or her claim. 794 F. Supp.2d 743, 751 (E.D. Mich. 2011).

However, I do not find this opinion to be persuasive. First, the *McCloy* Court placed great weight on the Sixth Circuit's rule that dismissal for failure to exhaust "*should* be without prejudice." *Id.* (emphasis added) (quotation marks omitted). But the rule states only a general requirement that is not universally applicable. *See Berry*, 366 F.3d at 88. Indeed, the purpose of this rule, which is to allow inmates to properly exhaust their administrative remedies before returning to federal court, cannot be furthered where an inmate's grievances were rejected as untimely, as it would be impossible for inmates to go

back in time and file their grievances within the applicable deadline. *Kikumura*, 461 F.3d at 1290.

Perhaps recognizing this conflict, the *McCloy* Court further reasoned that dismissal without prejudice protects inmates in the event that they refile their untimely claims and prison officials elect to ignore their earlier dismissal, forgo their procedural requirements, and hear the inmate's claims on their merits, thereby waiving their right to raise exhaustion as a defense at the district court. 794 F. Supp.2d at 751–52. However, I do not believe that dismissal without prejudice is warranted by this remote possibility.

### E. Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that this Court **GRANT** Defendant Noah Nagy's Motion for Summary Judgement (ECF No. 18) **WITH PREJUDICE.**

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some

8

objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 27, 2021                    S/ PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge