**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBBIE DESHAWN TAYLOR,

    *Plaintiff*,                      CASE NO. 2:20-cv-13436

*v.*

                                       DISTRICT JUDGE PAUL D. BORMAN
JOHN DOE,                        MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Defendant*.
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons stated below, I **RECOMMEND** that this Court *sua sponte* **DISMISS** Plaintiff's claims against the unnamed Defendant.

**II.    REPORT**

    **A. Background**

Plaintiff, Robbie Taylor, is a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), formerly at the G. Robert Cotton Correctional Facility ("JCF"). (ECF No. 1, PageID.2–3, 7, 11.) Plaintiff alleges that he was assaulted by another inmate who the MDOC knew to be a "gang member," and that the assault occurred in full view of security cameras. Plaintiff argues that although an unknown MDOC employee was responsible for monitoring surveillance footage, he or she failed to

1

detect the impending assault and warn Plaintiff over the "JCF intercom system." (*Id*. at PageID.5, 7–9.)

Plaintiff filed a complaint against the Warden of the JCF and an unnamed John Doe Defendant on December 16, 2020. (*Id.* at PageID.1, 5.) Plaintiff moved to proceed in forma pauperis ("IFP"), and the Court granted his IFP status on March 4, 2020. (ECF Nos. 5, 7.) Less than a week later, the Court stayed the matter so the parties could participate in mediation, and the Court purported to toll Plaintiff's "[ninety]-day time period for service" under Federal Rule of Civil Procedure 4(m), stating that this time period would "begin to run on the date the stay order is lifted." (ECF No. 8.) In its order, the Court stated that it had screened Plaintiff's complaint and declined to dismiss his claims. (*Id.* at PageID.68.)

The Court lifted the stay on March 31; however, by November 30, because Plaintiff had not yet named the John Doe Defendant, the Court had not issued a summons and ordered the Marshal's Service to serve the unnamed Defendant. (ECF Nos. 11, 22.) Accordingly, the Court issued an order on November 30 instructing the Defendant to name the John Doe Defendant by December 31, 2021, or else the undersigned would recommend that the Doe Defendant should be dismissed. (ECF No. 22.) As of the date of this report and recommendation, Plaintiff has not yet identified the John Doe Defendant, nor has he filed any response to the Court's order.

**B. Analysis**

Under Federal Rule of Civil Procedure 4(m), if the defendant has not been served with a summons and complaint "within [ninety] days after the complaint is filed," then the Court must either "dismiss the action without prejudice against that defendant or order that

2

service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Where, such as here, a plaintiff proceeds as a pauper, the court, on behalf of the IFP plaintiff, must order the U.S. Marshal Service to serve the defendant with a summons and a copy of the complaint. E.D. Mich. LR 4.1(b); *see* 28 U.S.C. § 1915(d) (2012). However, for the court to issue a valid summons that it can provide to a Marshal for service, the plaintiff must first identify the defendant. *Whitaker v. Stamping*, 302 F.R.D. 138, 146 (E.D. Mich. 2014). Indeed, a summons must name each party and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A)–(B). Thus, although the Court is generally responsible for serving defendants in actions brought by IFP defendants, the Court cannot issue summons for, or serve, a defendant that has not been named by the IFP Plaintiff. *Lowe v. Dallas Police Dep't*, No. 3:17-cv-704, 2017 WL 4863076, at *9–10 (N.D. Tex. Oct. 17, 2017); *Wilson v. McKenna*, No. 3:12-cv-1581, at *7 (D. Conn. Mar. 31, 2015).

Here, because Plaintiff did not identify the John Doe Defendant by his original deadline,[1] the Court could not order service. (ECF No. 22, PageID.132.) Nonetheless, on

---

[1] The precise date service was first due is not clear. Under Rule 4(m), the Plaintiff must serve all defendants within ninety days of filing his or her complaint—which, here, would have been March 15, 2021. *See* Fed R. Civ. P. 4(m); (ECF No. 1.) However, some Courts have held that an IFP plaintiff's ninety-day window for service begins to run on the date their IFP status is approved. *See, e.g.*, *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010). Under this rule, Plaintiff's original due date would have been ninety days after the Court approved his IFP status on March 4, plus the number of days this case was stayed. *See* E.D. Mich. LR 4.1(b); (ECF No. 7.) And to further complicate matters, when the Court stayed the case on March 10, it also stated that Plaintiff's ninety-day window to serve the Defendant would *begin* after the stay was lifted. (ECF No. 8, PageID.68.) While the Court certainly had discretion to stay proceedings and postpone Plaintiff's deadline, the undersigned doubts that the Court could completely reset, rather than pause, Plaintiff's ninety-day window before it expired. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the

3

November 30, 2021, the Court exercised its discretion to extend Plaintiff's deadline to December 31, 2020. (*Id.*)

Although this extended deadline has passed, Plaintiff has not yet named the John Doe Defendant, allowing the Court to order service. Still, Rule 4(m) allows courts to issue multiple extensions. 4B Charles Alan Wright et al., *Federal Practice and Procedure* § 1137 (4th ed. 2021). Thus, if Plaintiff had good cause for failing to identify the John Doe Defendant, then the Court must extend the deadline for service once again. Fed. R. Civ. P. 4(m). But if Plaintiff did not have good cause, the Court can exercise its discretion to either set a new deadline or dismiss Plaintiff's claims without prejudice. *Wise v. Dep't. of Def.*, 196 F.R.D. 52, 54–57 (S.D. Ohio 1999) (holding that absent good cause, courts have discretion under Rule 4(m) to either extend the deadline or dismiss the action without prejudice); *see also In re Lopez*, 292 B.R. 570, 575 (E.D. Mich. 2003).

To demonstrate good cause under Rule 4(m), a Plaintiff must have acted with "excusable neglect." *Overbay v. Israel*, No. 2:16-cv-00337, 2017 WL 1377374, at *3 (E.D. Tenn. Mar. 24, 2017) (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)). Excusable neglect is a "strict" standard which "can only be met in extraordinary cases." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (quotation marks omitted) (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)).

---

disposition of the causes on its docket . . . ."); *see* Fed. R. Civ. P. 4(m) (allowing courts to extend the deadline for service only *after* a plaintiff fails to serve the defendant within ninety days of filing his or her complaint). But in any event, the Court need not resolve these issues because whatever Plaintiff's original deadline was, he surpassed it.

4

The standard contains two elements.  First, the party must demonstrate that he or she "fail[ed] to do something" either because of "carelessness" or because of "a simple, faultless omission to act." *Id.*  Second, the party must show that his or her failure to act was "excusable." *Id.*  This "is at bottom" an equitable inquiry. *Id.*  The Court must consider "all relevant circumstances" including "the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quotation marks omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).  Although relevant, the lack of prejudice to the opposing party is not, by itself, sufficient to demonstrate excusable neglect. *Moncrief*, 961 F.2d at 597.

Here, Plaintiff fails to demonstrate good cause.  Although Plaintiff bears the burden of establishing good cause, he provides no explanation for his failure to name the John Doe Defendant.  *Habib*, 15 F.3d at 73; see Fed. R. Civ. P. 4(m) (providing that the court must extend the deadline if "the plaintiff shows" good cause).  The undersigned acknowledges that as a prisoner, it would be difficult for Plaintiff to identify the John Doe Defendant he believes neglected to protect him from his assailant.  But Plaintiff cannot sit passively by, failing to demonstrate the steps he has taken to identify the Defendant or the reasons for his failures.  *See Habib*, 15 F.3d at 73.  Indeed, Plaintiff filed his complaint over one year ago, and almost two months have passed since the Court's previous extension.  (ECF Nos. 1, 22.)  The Court should not hold the John Doe Defendant in limbo while Plaintiff makes

5

no efforts to identify him or her. As much as the undersigned sympathizes with Plaintiff, it is his responsibility to litigate his own claims. *See generally Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019). Accordingly, I suggest that Plaintiff has not demonstrated good cause and the Court need not extend his deadline further. *Cf. Vela v. Western Elec. Co.*, 709 F.2d 375, 377 (5th Cir. 1983); *Roller v. Brennan*, No. 2:16-cv-257, 2016 WL 4208184, at *1 (S.D. Ohio Aug. 10, 2016) (holding that a plaintiff did not demonstrate good cause because she "provide[d] no explanation for [her] failure to effect service . . . .").

Nor should the Court exercise its discretion to extend Plaintiff's deadline again. The decision to dismiss an action, or extend the plaintiff's deadline, under Rule 4(m), is well within the district court's discretion. *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001). In deciding whether to grant an extension under Rule 4(m), this Court typically considers the following non-exhaustive list of factors:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Id.* (citing *Wise*, 196 F.R.D. at 56); *see also Bell v. City of Southfield*, No. 19-cv-13565, 2020 WL 6440924, at *5 (E.D. Mich. Nov. 3, 2020).

But for many of the same reasons that Plaintiff failed to demonstrate good cause, the Court should decline to extend his deadline any further. Although an extension would do little to prejudice the Defendant, the remaining factors weigh in favor of dismissal. *See*

6

*Slenzka*, 204 F.R.D. at 326. Plaintiff has not demonstrated any efforts he has made to identify the Defendant, and he has not shown that the Defendant received actual notice of the lawsuit. *See id.* Long after Plaintiff's original deadline for service, the Court extended his deadline on to December 31, 2021—over a year after his complaint had been filed. (ECF Nos. 1, 22.) But Plaintiff neither complied with this extension, nor did he explain his failure to find the Defendant's identity. Without any indication from Plaintiff that he has even attempted to identify the Defendant, the Court should not further extend his deadline for service.

I also note that following dismissal, Plaintiff may bring the same claim against the Defendant once he ascertains his or her identity. Because Plaintiff's injury occurred on June 12, 2019, he has until June 12, 2022 to file a new claim against the John Doe Defendant. *See Davis v. Ludwick*, No. 13-cv-12536, 2015 WL 1728390, at *3–4 (E.D. Mich. Apr. 15, 2015). Although the statute of limitations for Plaintiff's claims will soon expire, his claims are not yet time-barred. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations . . . ."). Considering the totality of Plaintiff's case, I suggest that the Court should dismiss his claims against the John Doe Defendant without prejudice.

### C. Conclusion

For previously discussed reasons, I **RECCOMEND** that the Court *sua sponte* **DISMISS** Plaintiff's claims against John Doe without prejudice.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14

7

days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 23, 2022                           S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge