## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBBIE DESHAWN TAYLOR,

      Plaintiff,                Case Number 2:20-CV-13436
                                     HONORABLE PAUL D. BORMAN
v.                             UNITED STATES DISTRICT JUDGE

JCF, et. al.,

      Defendants,

_____/

## OPINION AND ORDER GRANTING THE
## MOTION FOR VOLUNTARY DISMISSAL

Robbie Deshawn Taylor, ("Plaintiff"), confined at the Carson City Correctional Facility, appeared to have filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The lead defendant, warden Noah Nagy, filed a motion for summary judgment, arguing that plaintiff had not exhausted his administrative remedies. The case was dismissed with prejudice against Noah Nagy. *Taylor v. JCF*, No. 2:20-CV-13436, 2021 WL 5442244 (E.D. Mich. Oct. 27, 2021), *report and recommendation adopted sub nom. Taylor v. JCF Warden*, No. 20-CV-13436, 2021 WL 5416548 (E.D. Mich. Nov. 19, 2021). The Court ordered plaintiff to identify the remaining John Doe defendant so that service could be affected. Plaintiff never responded to the order. The complaint was dismissed without prejudice against defendant Doe. *Taylor v. Doe*, No. 2:20-CV-13436, 2022 WL 866302 (E.D. Mich. Feb. 23, 2022),

1

*report and recommendation adopted*, No. 20-CV-13436, 2022 WL 860443 (E.D. Mich. Mar. 22, 2022).

Plaintiff has now sent a letter to this Court, stating that he never filed a complaint or lawsuit against anyone, suggesting that someone forged his signature. Plaintiff's letter is construed as a motion for voluntary dismissal pursuant to Fed.R.Civ.P 41(a).  For the reasons stated below, the motion for voluntary dismissal is granted and the complaint is **DISMISSED WITHOUT PREJUDICE.**

Fed.R.Civ.P. 41(a) provides that a plaintiff may dismiss an action without order of court by filing a notice of dismissal before service by the adverse party of an answer or motion for summary judgment. *See also Doran v. McGinnis*, 158 F.R.D. 383, 389 (E.D. Mich. 1994).  However, once an opposing party has filed a response to a complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Noel v. Guerrero*, 479 F. App'x 666, 668 (6th Cir. 2012)(quoting Fed.R.Civ.P. 41(a)(2)). Unless specified otherwise, a Rule 41(a)(2) dismissal "is without prejudice." *Id.*

Plaintiff's claim that this lawsuit was filed without his consent or permission by someone else is a valid ground to grant the motion for voluntary dismissal of the complaint. *See Broyles v. Califano*, 495 F. Supp. 4, 9, n. 3 (E.D. Tenn. 1979); *See also In re Truell*, No. 20-CV-0839 (LLS), 2020 WL 4274176, at * 2 (S.D.N.Y. July 22, 2020).  Although judgment has already been entered in this case, plaintiff's

2

allegation that this lawsuit was commenced without his knowledge or consent allows this Court to use Fed. R. Civ. P 60(b) to set aside the original judgment and permit plaintiff to voluntarily dismiss the case. *See Broyles v. Califano*, 495 F. Supp. at 9.

Based upon the foregoing, the motion for voluntary dismissal is **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

s/Paul D. Borman
**HON. PAUL D. BORMAN**
**Dated:  December 8, 2023**           UNITED STATES DISTRICT JUDGE

3